McIlvaine, J.
The principal questions in this case arise upon the charge as given to the jury by the court below.
1. Did the court err in its instructions a3 to the liability of the defendant, Dean, to the plaintiffs below in case the jury found, under the circumstances named, that he was a bona fide purchaser from his co-defendant for a valuable consideration and without notice of his vendor’s fraud.
The charge substantially stated the law to be, that a bona fide purchaser of goods from one in possession, for a valuable consideration and without notice of any defect in his vendor’s title, can not be protected against the title of the true owner in a case whore the vendor had fraudulently obtained his possession, and without the knowledge or consent of the owner, although previous to such possession he *396 had, by false and fraudulent representations, induced the owner to enter into a contract for the sale of the goods. In this charge, we perceive no error. It is based upon a fundamental principle of the law, that no person can be deprived of his property without his consent, express or implied, or by due process of law. If the plaintiffs, however,. had delivered the goods under the sale to the fraudulent purchaser, and thus clothed him. with the insignia of title, a different rule would have prevailed, to wit, where one of two innocent persons must suffer by the fraud of a third, he who first trusted such third person, and placed in his hands the means which enabled him to commit the wrong, must bear the loss.
The court very properly and carefully distinguished between a case where the possession is delivered by the owner, to a fraudulent purchaser, and a case like the one put in the charge where the owner did not deliver, or authorize any other person to deliver, the goods to the fraudulent vendee.
In the case stated in the charge, it is true, the owner, under the directions of the fraudulent purchaser, shipped the goods by express to the firm of Charles Kent & Son, at Kent, Ohio, where Charles IT. Kent was known to reside. But it was supposed and believed by the plaintiffs at the time that Charles II. Kent & Son were the real purchasers. No authority, however, was thus given to the express company to deliver the goods to any other person than Charles H. Kent & Son, of Kent, Ohio. When, therefore, the vendor of the plaintiff' in error obtained the possession of the goods from the express company by other false and fraudulent representations and personations, he obtained it without the consent of the owners. Possession thus obtained is tortious, if not absolutely felonious, and does not affect the title of the true owner. And a subsequent vendee for value, and without notice, acquires no better title, as against the owner, than his vendor possessed.
2. On the pleadings as they stood at the time of trial, were the plaintiffs entitled to recover upon the law and facts above stated?
*397 As we understand it, the sole ground for recovery laid in the petition was the fraud and deceit of the defendants in obtaining goods from the plaintiffs. The case, as put to the jury in the charge of the court, authorized a verdict against the defendant, Dean, without proof of any fraud or notice of fraud as against him, hut solely on the ground that he was a purchaser from one who had no title, although the purchase was made for full value and in good faith.
By sections 131 and 132 of the code of civil procedure, it is provided that no variance between the allegation in a pleading and the proof is to he deemed material, unless it have actually misled the adverse party to his prejudice, etc. But section 133 provides that when the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the meaning of sections 131 and 132, but a failure of proof. The allegation of this petition, in its general scope and meaning, is that the defendant Dean was guilty of actual fraud and conspiracy against the plaintiffs, whereby they were injured in their property, while the proof directed to that allegation (as the case was put to the jury) shows not only that Dean was innocent and ignorant of all fraud and conspiracy, but it also shows that he was a victim himself of the same villainy that deprived the plaintiffs of their property. We therefore unite in the opinion that such case is not one of immaterial variance, under sections 131 and 132 of the code, but a failure of proof under section 133, and for this reason the judgment must be reversed and the cause remanded. See Hill v. Supervisors, etc., 10 Ohio St. 621, and Thatcher v. Heisey, 21 Ohio St. 668.
3. It is further claimed by plaintiff in error that the verdict was against the law and the evidence, because of the fact that a writ of attachment had been issued in the case and levied upon a portion of the goods claimed to have been obtained from the plaintiffs by means of the fraud alleged *398 in the petition, and that the same had been sold; which seizure and sale, it is claimed, was in law and in fact an affirmance by the plaintiffs of the contract for sale of the goods, and a waiver of the fraud alleged to have been practiced upon them.
An intelligent and intentional ratification, by the injured party, of a contract voidable on account of fraud, will, as a general rule, preclude the party from afterward insisting upon the fraud as a cause of action. And had the affirmance of the contract, and consequent waiver of the fraud, been made an issue in this case, such seizure and sale, no doubt, would have been circumstances admissible for the consideration of the jury. But as matter of law, they would not necessarily have controlled the verdict; or, in other words, such seizure and sale, made in an action based solely upon the ground of the fraud, do not, as matter of law, amount to such ratification. Óf course, however, the disposition made of the goods so seized should be considered in the assessment of damages.

Judgment reversed and cause remanded.